# IN RE BOSTON WINE & SPIRITS COMPANY.

---

TRADEMARKS; DISCLAIMER; APPEAL AND ERROR; FORMER ADJUDICATION.

1. Where the matter in issue in a trademark registration case was not the application of the applicant's mark to cocktails and punches, but to any of the goods named in his application, all of which possessed the same descriptive qualities as the goods to which previous and similar marks were applied, the filing of an amended application canceling the words "cocktails and punches" is not equivalent to a disclaimer of the matter in issue, and does not operate to terminate interfer-ence and opposition proceedings which have been instituted.

2. A decision of the Examiner of Interferences, not appealed from, in a trademark opposition or interference case, refusing registration to the applicant on the ground of prior adoption and use, is final and termi-nates the applicant's right to register the mark; and therefore, such applicant has no right thereafter to prosecute his original application before the Examiner of Trademarks. (Following *Re Herbst*, 32 App. D. C. 269.)

No. 777.   Patent Appeals.   Submitted November 12, 1912.   Decided De-cember 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for the registration of a trademark.       *Affirmed.*

The facts are stated in the opinion.

*Mr. C. W. McDermott* for the appellant.

*Mr. W. S. Ruckman* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents, refusing appellant's application for the registration of the words "Exchange Club" as a trademark for whisky, rum, gin, brandy, cocktails, and punches. The application was originally filed November 1, 1907. On publication, opposition was filed by G. J. Heublein & Brother, who alleged use of the word "Club" for cocktails since 1862. Before the opposition was disposed of, an interference was declared with the prior registration of Heublein & Brother of the words "The Club" as a trademark for cocktails. In the opposition proceeding, judgment was rendered against appellant on default, from which no appeal was taken. In the interference, times were fixed for the taking of testimony, but no evidence was taken by appellant, and, on May 14, 1908, the Examiner of Interferences notified appellant that "judgment on the record will be rendered against the Boston Wine & Spirits Company, unless good and sufficient cause is shown on or before May 23, 1908, why such action should not be taken." Appellant made no response to the notice, and the Examiner on May 27, 1908, entered a judgment "of priority of adoption and use of the trademark in issue" in favor of Heublein & Brother. No appeal was taken from this decision.

On February 20, 1908, just before the Examiner gave appellant notice to show cause in both the opposition and interference proceedings, appellant filed in his *ex parte* application

the following amendment: "Cancel from the particular description of goods 'cocktails and punches.' " It is now contended by appellant that the filing of this amendment was equivalent to a disclaimer of the matter in issue, and operated to terminate the interference and opposition proceedings. This contention, if meritorious, should have been presented to the Examiner in response to his notice to show cause. The result, however, could only have been the same, since the matter in issue was not the application of appellant's mark to "cocktails and punches," but to any of the goods named in his application, all of which possessed the same descriptive qualities as the goods to which the Heublein marks were applied.

No further action was taken by appellant until May 27, 1911, when it directed the entry of the following amendment to its *ex parte* application: "Cancel the words 'rum, gin, brandy, cocktails, and punches' in line 10 of the statement, and insert the words 'blended rye' before 'whisky,' same line." The Examiner of Trademarks refused to allow the amendment, on the ground that appellant was barred by the judgment in the opposition proceeding. Appellant requested reconsideration, but the Examiner again refused to allow the amendment, suggesting, however, to appellant that, if it still believed that the matter should be reopened, it should petition for that purpose in accordance with the regular practice. Accordingly, appellant petitioned the Commissioner of Patents to instruct the Examiner to enter the amendment. The Commissioner denied the petition, stating that the judgment in the interference and opposition proceedings, "from which no appeal was taken, terminated applicant's right to register the trademark;" and holding, further, that it would be useless to reopen the case, since the merchandise set forth in appellant's application and the proposed amendment is of the same descriptive properties as that of the opposer, and that appellant would not, therefore, be entitled to registration. From this decision of the Commissioner the present appeal was taken.

We are of opinion that appellant's right to further hearing upon his *ex parte* application was barred by the judgment in the

opposition and interference proceedings. Not having appealed from those judgments, they became *res judicata* of appellant's rights under his original or amended applications. In the case of *Re Herbst;* 32 App. D. C. 269, an attempt was made by Herbst to renew his application *ex parte* after final judgment in an interference involving the same application, from which no appeal had been taken. But the Commissioner refused registration, on the ground that his rights had been adjudicated in the former judgment. This court, in an opinion by Mr. Justice Robb, affirming the decision of the Commissioner, said: "It affirmatively appears in the present case that the interference proceeding followed the requirements of the statute. The Examiner of Interferences determined that neither party to the interference was entitled to register the mark, and the Commissioner, on appeal, sustained that decision and denied registration to each party. Appellant's remedy, if he was aggrieved by the decision of the Commissioner, was by way of appeal to this court. When the time within which an appeal might have been taken from that decision expired, the decision became final and was *res judicata,* and appellant had no more right to prosecute his original application before the Examiner of Trademarks than he would have had to prosecute his application before the Examiner for the second time after an adverse decision by the Commissioner in an *ex parte* case. *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464."

We are not able to distinguish the present appeal from the above case. If appellant was aggrieved by the judgment of the Examiner in either the opposition or interference proceeding, or both, he had the right of appeal to the Commissioner, and, if dissatisfied with the Commissioner's action, the way of appeal was open to this court. But neglecting to avail himself of the method provided, the judgments became final, and are a bar to the further prosecution of his original application.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.            *Affirmed.*